UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTELLECTUAL VENTURES, I, LLC, <br> INTELLECTUAL VENTURES, II, LLC, <br><br>   Plaintiffs, <br><br> v. <br><br> EMC CORPORATION *et al..*, <br><br>   Defendants. | * <br> * <br> * <br> * <br> * <br> *   Civil Action No. 16-cv-10860-IT <br> * <br> * <br> * |

AMENDED SCHEDULING ORDER

TALWANI, D.J.

     This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

I. <u>Timetable for Discovery and Motion Practice</u>

     Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(f) and 16.6, it is hereby ORDERED that:

1. **Preliminary Disclosures.**

   a. **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this court's Notice of Scheduling Conference must be completed by <u>August 17, 2016</u>.

   b. **Preliminary Infringement Disclosure**. No later than <u>September 2, 2016</u>, the patentee shall serve and file preliminary disclosure of the claims infringed. The patentee shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. The patentee shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If the patentee has not already done so, the patentee shall produce all documents supporting its contentions and/or identify any such supporting documents produced by the accused infringer. Such disclosures may be amended and supplemented up to <u>30 days after the date of the court's ruling on claim construction</u>. After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown.

   c. **Preliminary Invalidity and Non-Infringement Disclosures**. No later than

December 16, 2016 the accused infringer shall serve and file Preliminary Invalidity and Non-Infringement Contentions. The accused infringer shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry. If applicable, the accused infringer shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If the accused infringer has not already done so, the accused infringer shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by the patentee. Further, if the accused infringer has not already done so, the accused infringer shall produce documents sufficient to show operation of the accused product(s) or method(s) that the patentee identified in its preliminary infringement disclosures. Such disclosures may be amended and supplemented up to 60 days after the date of the court's ruling on claim construction. After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after 30 days before the Markman Hearing.

3. **Claim Construction Proceedings.**

   a. No later than April 14, 2017, the parties shall simultaneously exchange a proposed list of claim terms to be construed.

   b. No later than May 12, 2017, the parties shall simultaneously exchange and file preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to 25 pages.

   c. No later than June 2, 2017, parties shall simultaneously exchange and file reply briefs. Absent leave of court, reply briefs shall be limited to 15 pages.

   d. No later than June 16, 2017, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

      i. The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

      ii. The joint statement shall also indicate whether the parties will present

      tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials seven days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

   iii. The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

   iv. The joint statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms in order of importance. The Court suggests that, ordinarily, no more than 10 terms per patent be identified as requiring construction.

   v. The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence.

4. **The Claim Construction Hearing (a.k.a. "Markman" Hearing).** The Court shall schedule a hearing date promptly after the filing of the joint claim construction statement.

5. **Fact Discovery.**

   a. **Written Discovery.** Written discovery (requests for production of documents, interrogatories, and requests for admission) shall be served by <u>60 days after the court's ruling on claim construction</u>.

   b. **Fact Discovery.** Fact discovery must be completed by <u>90 days after the court's ruling on claim construction</u>.

6. **Status Conference.** A status conference will be held on <u>December 15, 2016</u> at <u>2:30</u>.

7. **Expert Discovery.**

   a. Plaintiffs' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by <u>30 Days after the close of fact discovery</u>.

   b. Defendant's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by <u>60 days after the close of fact

3

      discovery.

    c.    Expert discovery must be completed by <u>90 days after the close of fact discovery</u>.

Procedural Provisions

1. **Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. **Status Conferences.** The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

4. **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.

5. **Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to confer and jointly advise the court of any such issues.

6. **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

7. **Discovery Disputes.** In the event counsel encounter a discovery dispute, they are encouraged to request a hearing or telephone conference with the court before filing a discovery motion.

                                                            /s/ Indira Talwani  
                                                            United States District Judge

                                                    By:  /s/ Carolina DaSilva  
Date: October 11, 2016                                   Deputy Clerk